At this time, would Counselor Appellant WM Capital Partners please introduce himself on the record and begin. May it please the Court, Ricardo Casellas for the Appellant WM Capital. Your Honor, may I reserve two minutes for rebuttal? You may. This appeal presents a live case or controversy over whether WM Capital's right of subrogation asserted in federal court. And the controversy is live and ripe. First, by the contested cancellation of the contract, which did not moot the appeal in the Town of Barnstable case, the validity of the cancellations of the leasehold and the mortgages is contested. And the controversy is real and immediate. A month ago, the Supreme Court of Puerto Rico determined that WM Capital's challenge to the enforcement of the arbitration award and the resulting cancellations of the mortgages must be heard on the merits. The court reversed a dismissal of a cert petition and determined that the issues were serious and substantial. And there is a due process challenge to the enforcement of the arbitration award and the cancellation of the mortgages because WM Capital was not a party and was not allowed to intervene in the arbitration or in the enforcement proceedings. So if you win that case, what happens? If WM Capital wins the case, the result of that case does not decide the subrogation claim. Right. Because the issue in the independent state court action involves the due process challenge. What is happening in the registry is that the registrar recorded the 2019 summary judgment order pending the declarations that the district court did not issue. And what happens if you lose that case? So if we lose that case and the court determines that the due process challenge has no merit and that the mortgages were properly canceled, that still does not resolve the subrogation issue. Because, you see, under Puerto Rico property law and Puerto Rico rules of procedure, the registrar would have to make a final determination as to conflicts entitled. So if we were to lose that case and the federal court were to issue the declarations, the property registrar would have to resolve the conflicts entitled. But I meant for purposes of the district court deciding whether to issue the declaration, isn't the issue potentially under the Puerto Rico statute different depending on whether you win or lose that case? I respectfully submit that the answer is no. Well, might the case be easier for you to be deemed a mortgagee under the statute if you win the case than if you lose it? I could say that it would be easier. So since that's the case, why isn't it a perfectly fair exercise of discretion for the district court to say, why would I decide the declaratory judgment until that's done? Because the federal declaration is still necessary for the property. She's not saying it isn't necessary. She's just saying the statute's uncertain. You just acknowledged that the outcome of the state court proceedings might bear on how to read that statute. So why isn't it a good exercise of discretion to say, since I have discretion whether to issue this judgment, I'll hold off. I'm not going to issue it until something happens. We're challenging the district court's interpretation of the statute as an issue of law. The district court was mistaken in concluding that the cancellation of the mortgage affects the right of subrogation. But not in this case because the district court determined that the lease was canceled because of fault of the lessee. So in that particular scenario, the cancellation, the mortgage itself is not subject to termination of lease. So even if we win in state court, the right of subrogation is not determined by the state court judgment because it's not a claim that any of the courts would have to decide to decide precisely the issue of subrogation. But still, a federal declaratory judgment is useful more so in these circumstances where there is absolutely no authority supporting the district court. You're not quite engaging with my question. You're saying, would it be useful to you to get the declaration? And undeniably, I'm sure it would be. The question the district court was asking is, does it make sense for me to decide whether to issue it at this juncture? And the district court said, given the uncertainty of the state law and all the state court actions and the effect of me weighing in might have and the uncertainties of that, I'm going to hold off. What's wrong with that? It is wrong because the district court had been asked to certify an issue if it was unclear to the Supreme Court of Puerto Rico. And the district court refused to certify, finding that the issue was clear when it issued the summary judgment in 2019. Three years later, it declined to issue the declaratory judgment after it had ruled in favor of subrogation, saying the issue is somehow confused or the Puerto Rico Supreme Court has not expressed the contours of the right of subrogation. So I have to disagree with the district court's interpretation of the statute. But again, it's troublesome that the district court, five years into a litigation, three years after it had ruled in favor of subrogation, would abstain practically under Wilton, where Wilton was the case, where the cases were parallel, and the federal court did not issue a decree. It never passed on the merits. I'm sorry. The district court did not abstain. It's not clear to me whether you're saying you're here before us because you think it should have certified the question. But putting that aside, the only issue here is whether the district court, when it exercised its discretion to say, I'd prefer to let the dust settle in all of the state court proceedings before I entered the fray to issue any relief. The issues will be clarified by that time. Why is that an abuse of discretion? For two reasons. First, the cases were not parallel, and the district court held that they were. For the cases to be parallel, the parties must be the same. They don't have to be parallel. Why is this an abuse of discretion? Well, in Wilton, the abuse of discretion was tied to parallelism. But even if the cases were not parallel, five years into the litigation, it would be an abuse of discretion for the district court not to issue a declaratory judgment that is necessary and useful for the property register to finalize the recordation process. And ultimately, if there's a conflict in title, for the Supreme Court, by mandatory appeal, to decide conflicting titles. So the abuse of discretion standard would apply to the district court's decision. What issue is not pending in district court that would be pending here but for the dismissal? In other words, is every issue that has been raised in federal court also pending in the Commonwealth Court? No. Why not? Because the issue that's pending in federal court is the right of subrogation under Article 59 of the Puerto Rico Property Statute. And I must emphasize, Your Honor. And you're saying that that issue is not pending in any of the litigations? Correct. It's not pending in any of the state court cases. Is that because you haven't raised it there? It was raised in the federal court in 2019. Is that because you haven't raised it there? It was not raised in the state court cases. Why? Because the right of subrogation does not attach until the validity of determination of the leasehold is determined. Wasn't that issue in the first set of litigation, in the eviction? Can I request clarification, Your Honor? In what litigation? When there was an eviction proceeding brought by your client's predecessor to evict the leaseholder, I remember his name, Gables. Why wasn't that issue, and you intervened in that case, why wasn't the issue that you're raising now either raised or could have been raised? Let me explain. Scotiabank, the predecessor, filed a collection suit in 2012. Subrogation had not attached at that time. In 2014, two years later, Barreras moved to intervene, saying a settlement agreement affects my rights. At that time, Scotiabank argued, you're not the holder of the mortgages because we have a right to subrogation, and Barreras was allowed to intervene. But the appellate court made it very clear that it was not deciding the rights of Barreras or WM Capital in that proceeding, or even if the leasehold was properly terminated. So subrogation was never litigated in local courts. I'm trying to figure out, could it have been litigated? It was not litigated. Could it have been litigated? Could it have been litigated? No. Could you have raised it? No, because it was litigated in the federal case and asserted in the federal case in 2017. Let me reframe the question. You chose to go to federal court, I believe, under diversity jurisdiction. Correct. This issue, though, is your subrogation rights under the Puerto Rico Constitution is an issue that the Puerto Rico courts are competent to handle. Yes, they would be. Okay. And your replies have been, well, the issue was raised in federal court. It wasn't raised in state court. But had the parties chosen different litigation strategies, it could have been raised in state court and resolved there. At the point, it was a right controversy. That's correct. My client opted to file a federal lawsuit. Okay, thank you. But if I could just close to say that the right of subrogation in the 2019 summary judgment order is final and law of the case. Barreras did not cross appeal from that order. If this court were to vacate the dismissal on wilting grounds and remand, it would go back, but that order is being law of the case. Thank you. Respectfully. Thank you. Thank you, counsel. At this time, would counsel for the Apolli Barreras please introduce herself on the record to begin? Good morning. May it please the court. My name is Lizabel Negron. I am counsel for Barreras Inc. Could I reserve two minutes for a rebuttal, too? No, you're the other side, aren't you? Excuse me? Aren't you a respondent? Yes, it's after. Oh, no. That's okay. We'll take the ten minutes now. Before we begin, I would like to clarify certain of the misleading facts that were brought forward to the court. First of all, the last point that counsel made may be because he was not the counsel for WMC, the appellant in the previous appeal. We did appeal the issue of the 2019 summary judgment finding. It was just that this court determined that because a declaration had not been issued at that time, that it had to remand to the court to issue the declaration. Because certain events that have not been mentioned here, but the court addressed in its August 23rd order that occurred after the 2019. We know that. Therefore what? Excuse me? Where are you going with this? What I'm going with that is that those events led that WMC has no standing to ask for this declaration. And also there was another misstatement. I thought you were just to button down that first point. Aren't you saying the prior summary judgment grant is not law of the case? Exactly. Okay. It is not law of the case to take that 2019 opinion and order and it become the law of the case. Not the abstention of jurisdiction to issue the declaration that the judge did on 2022. And it explained that events that occurred, that context needed to be made to understand why she was making this new decision. And one of the issues is that we presented evidence of the cancellation of the mortgages, which practically and by all standards eliminates any standing that WMC has of asking for this declaration in the first place of subrogation. And the reason that they chose this route probably and not to go through the state courts is because for the same reason that they lost the nullity of judgment case that is now going to be seen on the merits, but they lost at the trial level, is because they failed to intervene and they failed to appeal that denial of intervention in the confirmation of the arbitration award that granted Barreras full ownership without any liens and encumbrances, which means the mortgages that WMC previously held. The case that got remanded on a procedural ground because the appellate court said that it was a proper statement for a motion for reconsideration and the second case was remanded. What is going to be heard on remand? Well, the thing is that that is a separate case, Your Honor. The case that was remanded was the nullity of judgment. Previously, WM Capital had not appealed the arbitration award, but when Barreras went to execute and evict WM Capital from the premises, which it finally did, they chose at that point after the judgment was valid and final to try to stop the execution and the eviction. That case went up to the Supreme Court and the Puerto Rico Court of Appeals told WM Capital, too little, too late. The only avenue you may have is try to nullify through Puerto Rico Rule of Procedure 49.2, where you try to nullify that judgment. The thing is that judgment is still valid and final because that rule states that it does not suspend its effects or the execution of the judgment. So as of now, WM Capital has no standing because it does not have the mortgages in the registry and they are saying that the notification that they received to cure the petition before the registry is alive, that is false. That expired by its own terms in January of 2021. I refer to you appendix page 2058, where there is a translation of the notice of the defects by the registry that said that WM Capital had to give them a certified copy and a certification from the district court that the 2019 judgment was final. And if that didn't happen, of course it didn't happen because they did not have that declaration or judgment, before January 21, 2021, then it would expire by its own terms. So there's nothing pending before the registry. And even if it did, what are they asking? They're asking this court to go against a valid judgment of a court of first instance, which in a diversity case, it's in the same position as the trial court in this case, as Judge Delgado. That is ludicrous. They're asking this court to go to give them some rights that they're not entitled to, that the courts in Puerto Rico have already adjudicated. And the only avenue they have is to try to nullify that judgment. And they're trying. What happened was it was remanded because we raised a procedural issue that their appeal was not timely. Because we had raised some issues with the Puerto Rico Rule 47 of reconsideration that we had argued that they had not fulfilled. The Puerto Rico Court of Appeals agreed with us and said, yes, it was untimely, so we're not going to review it on the merits. The only thing that the Puerto Rico Supreme Court did, and it says expressly that it's limited to determine if the motion for reconsideration was enough to overcome the timeliness issue. And they said it did. So it remanded for a review on the merits of the nullity issue. So they really have to hide Mount Everest in order to get this annulled. Three years after. They brought this action in 2020, and this judgment was issued in 2017. And they just don't have standing. Is there anything that is being litigated here that either has not been or could have been litigated in the Commonwealth Court? Well, the issue of surrogation could have been litigated because the award specifically states that the liens should, and as such the court confirmed, that the liens, which are WM Capital's mortgages, would be canceled from the registry. If that happened like it happened, then they would be by the plain meaning of the statute that requires that it is only a mortgage holder that can ask for surrogation. So because they chose not to appeal that arbitration award or the CFI's judgment confirming that these mortgages would have been canceled, it could have been brought there. Because if they had fought that, they could have fought for surrogation. Were they parties to that arbitration? Excuse me? Were they parties to that arbitration? Well, we found out later that they were privies. And that's some information that came about after the 2019 opinion and order. And that's what we call in our brief the smoking gun. It turns out that they had an agreement with Gables to have a shared representation where WM Capital would be kept in the shadows, would make all the decisions and pay for the... Yeah, I understand that. But that's a separate question, I think, from what I'm asking, which is if I understand it in that this may not matter at all. And we don't have a huge amount of time, so just briefly. But in that arbitration proceeding, effectively their mortgage was being canceled. Yes. Even though they weren't a party to the proceeding. Exactly. That's not typical, is it? Well, the thing is that the arbitrator determined that they were not going to be a party. And the court, they asked the court after with a review of the award to intervene. And in both cases, they never appealed. That's why the Puerto Rico Court of Appeals, when they tried to stop the execution of that judgment and the confirmation of the award, said too little, too late. Thank you. Thank you. I just want to ask, just for a request, to see of the date that our response will be due. Because the thing is that we travel. Our flight was canceled when we were traveling here. We spent 14 hours in airports. And then we have to travel to Puerto Rico today. Why don't you just make a filing with us if you would like us to do something? Yes. Okay, I will do so. Okay. Thank you, sir. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record? He has a two-minute rebuttal. Ricardo Casillas for the appellant. WM Capital could not have litigated the subrogation claim in any of the state court cases. First, WM Capital had no power to call the shots in the arbitration. Appendix 2167. You could have appealed the denial of the intervention request, and you didn't. It would have been climbing Mount Everest to appeal a denial of an intervention of an order denying an arbitration in which the party appealing was not even a party. So WM Capital did not appeal the arbitration decision. Do you mean because? What do you mean climbing Mount Everest? Because you would have lost? It would have been very uphill and fruitless. It would have been an exercise in futility which, by the way, was cured by the filing of the independent collateral attack in 2020 challenging the very arbitration that the Supreme Court said last month must be heard on the merits. So it's immaterial. That's not cured because nothing has happened in that case yet. You haven't gotten a favorable ruling in that case. There was some suggestion that maybe your procedure of last resort would be to file a nullification lawsuit, but you filed it. It's pending, but nothing has happened. Sure, but that answers or at least should answer the concern about whether this case is moved. The case is not moved. Getting back to Judge Lynch's question, I think this is Judge Lynch's question. If the summary judgment that was issued in your favor, because there was no finality and it was not law of the case, why was there an abuse of discretion since it wasn't law of the case for the district court to then take a look at everything that had There are two components to that. First, the district court vacated the summary judgment order without complying with any rule of civil procedure to do so. So it actually vacated a summary judgment order. It did not follow Rule 56. No, it said that it had issued the summary judgment order under a misapprehension. Other facts had been brought to its attention, and it also had a number of other reasons, including that the underlying statute's text was not clear. Issuance of a final summary judgment and declaratory judgment could trigger serious consequences not addressed by the Supreme Court of Puerto Rico, that it didn't meet the extraordinary relief that it had within its power, the decision not to issue declaratory judgment before trial. And so it bowed out. And it actually seems to me you're in better shape because it bowed out. And I don't understand why you are here insisting that we send it back to a district court that gave plenty of good reasons for its order. Well, two things, Your Honor. First, the district court may have preempted the record because the facts that she had Okay, that's point one. What's point two? That this court could enter a declaration without a remand if it finds that the district court abused its discretion. Thank you. Thank you, counsel. That concludes argument in this case.